Filed 11/4/24  P. v. Johnson CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099149 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F04465) |
| v. | |
| CONNOR GENE JOHNSON, | |
| Defendant and Appellant. | |

Following a recommendation from the Secretary of the Department of Corrections and Rehabilitation (CDCR), the trial court recalled the sentence of Connor Gene Johnson and resentenced him.  The trial court struck one of defendant's prior serious felony conviction enhancements and reduced his sentence from 25 years to life plus 10 years to 25 years to life plus five years.

On appeal defendant contends the trial court erred by declining to dismiss both prior serious felony conviction enhancements pursuant to the amendment to Penal Code

1

section 1385 by Senate Bill No. 81 (2021-2022 Reg. Sess.).[1] Defendant claims the trial court was required to dismiss both enhancements, because the presence of enumerated mitigating circumstances created a presumption in favor of dismissal unless the trial court found dismissal of the enhancements would endanger public safety, which it did not do. Alternatively, defendant contends even without a presumption in favor of dismissal, the trial court erred in not affording the mitigating circumstances great weight. Lastly, defendant contends the trial court abused its discretion in denying his *Romero*[2] motion.

While this appeal was pending, the California Supreme Court issued *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), holding the presence of mitigating factors under section 1385, subdivision (c)(2) does not create a rebuttable presumption in favor of dismissal. (*Walker, supra,* at pp. 1032-1034.) The parties filed supplemental briefing on *Walker*'s application to the present case. *Walker* also clarified the meaning of great weight and the balancing required by the trial court and concluded that the ultimate determination is whether dismissal is in furtherance of justice. (*Id.* at p. 1036.)

We reject defendant's claims that the trial court erred in dismissing only one of defendant's prior conviction enhancements and in denying his *Romero* motion. Accordingly, we will affirm the judgment.

## I. BACKGROUND

In 2000, defendant approached the victim as she was providing directions to an elderly person in her driveway. Defendant pushed the victim into the side of her car, reached in and grabbed her purse, and ran off. The victim's housemate heard her screaming, saw defendant running away, and chased him. Defendant grabbed a bicycle that was leaning against a garage door and pushed it down the street. As he fled, he

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

turned and told the housemate, " 'If you come any closer, I'll kick your fuckin' ass,' " so she stopped chasing him. A police officer in the area subsequently saw defendant riding a bicycle. When he attempted to block defendant's path and ordered him to stop, defendant jumped off the bicycle, hurled it toward the officer, and ran off. Defendant was eventually arrested.

A jury found defendant guilty of robbery (§ 211), and the trial court sentenced him as a third strike offender to 25 years to life, plus 15 years for three prior serious felony enhancements. Defendant appealed. This court modified the judgment, striking one five-year serious felony enhancement, reducing defendant's sentence to 25 years to life, plus 10 years for two prior serious felony enhancements. As modified, we affirmed the judgment. (*People v. Johnson* (Mar. 21, 2002, C036995) [nonpub. opn.].)

In 2022, CDCR sent a letter to the trial court recommending the recall and resentencing of defendant pursuant to section 1172.1, subdivision (a)(1) based on changes in the law granting trial courts authority to strike prior serious felony enhancements. Attached to the letter was a cumulative case summary and evaluation report that detailed defendant's current commitment offenses, his institutional adjustment, including rules violations and laudatory chronological reports, completed training and education programs, self-help activities, and familial support. The evaluation report noted defendant had a juvenile adjudication for a robbery in 1974, two adult convictions for receiving stolen property (in 1978 and 1980), burglary (in 1981), and robbery (in 2000). Defendant's parole history included numerous parole violations, repeatedly absconding from parole, and committing new offenses while on parole. Defendant received 10 rules violations while incarcerated, including in 2019 for participation in a riot, 2018 for fighting, and 2007 for mutual combat. He also had six counseling chronos. He had no pending disciplinary actions and was not associated with any security threat group. Defendant received 12 education progress reports noting he was meeting course components, participated in an annual volunteer fundraising event for four years, and

3

received satisfactory work reports. He had no self-help chronos, certificates, or letters of participation.

The trial court appointed counsel and the parties submitted briefing. Both parties' briefs detailed defendant's adult criminal history, dating back to 1978. Between October and December 1985, defendant committed a string of offenses: robbery of an inhabited dwelling with a great bodily injury enhancement, two robberies with firearm enhancements, two robberies, assault with a deadly weapon, and being a felon in possession of a firearm. Convictions for these offenses resulted in an aggregate sentence of 21 years in state prison. The People's brief also summarized and attached defendant's correctional records which showed approximately 24 counseling chronos and 30 rules violations, including four for fighting. The rules violations also included possession and use of alcohol and drugs. In addition to the parties' briefs, the trial court reviewed and considered defendant's court file, judge's notes, certified records of defendant's prior convictions, CDCR's resentencing request with exhibits, and the probation reports of the current offense and the prior strike convictions.

In his resentencing brief, defendant argued since there were two applicable mitigating circumstances, section 1385 "mandate[d] dismissal" of the prior serious felony enhancements unless the court found dismissal would endanger public safety. He argued two mitigating factors applied: (1) application of the enhancement could result in a sentence of over 20 years; and (2) the enhancement was based on a prior conviction over five years old. (§ 1385, subd., (c)(2)(C) & (H).)[3] As to the *Romero* motion, defendant

---

[3] Initially, defendant also argued that multiple enhancements were alleged (§ 1385, subd. (c)(2)(B)). At the resentencing hearing, the People correctly noted one of the prior conviction enhancements related to an offense that was no longer a serious felony. As such, if that enhancement was stricken, by operation of law, the multiple enhancements factor would no longer apply. On appeal, defendant does not claim that enhancement applies, and we need not consider it.

argued the trial court should strike the prior strike conviction, as his prior convictions were primarily theft related with no indication he had a "propensity for extreme violence."

The People argued only one section 1385 mitigating factor applied; that the enhancement was for a conviction over five years old (§ 1385, subd. (c)(2)(H)). They argued because the sentence for the robbery alone resulted in a sentence over 20 years, the application of the enhancements did not result in a term over 20 years (§ 1385, subd. (c)(2)(C)). The People also argued section 1385 did not create a rebuttable presumption in favor of dismissing the enhancement unless the court found dismissal would endanger public safety. The People argued the record demonstrated if the enhancement was dismissed, defendant would continue to endanger public safety.

At the resentencing hearing, the trial court characterized defendant's current offense as "basically a purse snatch where he then exerted fear or force to maintain the property." The trial court detailed several of defendant's prior convictions and noted defendant's "parole history has not necessarily been stellar," as he had been released on parole and returned to CDCR multiple times. The trial court also acknowledged defendant "was a relatively young man" in 1974 when he was received into the California Youth Authority. It recounted defendant had a "few write-ups" while in prison, including "participation in a riot . . . . I read through the file, looked like a fight to me, . . .along with possession of a phone, fighting, theft of food, a refusal to submit to urinalysis, mutual combat, possession of tobacco, [and] disrespect," dating back to 2005. The trial court noted that although defendant had not completed any "self-help . . . he [had] participated in multiple team efforts and [was] commended for his volunt[eer] work" from 2014 through 2019, "received 12 educational progress reports" from 2019 to 2022, had no rules violations since 2020, "developed a parole plan, [had] obtained vocational training, and . . . would be eligible for elderly parole as early as November 23[,] 2025."

The trial court stated the issue before it was "whether or not it should dismiss, in the interest of justice, one or two of the five year priors."

As to recalling defendant's sentence, the People argued "when you review his records in total, not only his long history of crime, but his [lack of] participation . . . in prison," including 57 rule violations and negative counseling chronos over the course of "40 years or so" while in custody, defendant should not be resentenced. The People further argued given defendant's history, he represented an unreasonable risk of danger. The People noted the details underlying defendant's convictions included assaulting victims, committing multiple robberies armed with a shotgun, and threatening to shoot people. And, he committed the current offense only 10 days after being released on parole. The People noted defendant's age did not appear to be reducing his propensity for engaging in fights, as two of the fights occurred after he turned 60 years old. After hearing both defendant's and the People's arguments on recalling the sentence, the trial court asked defense counsel if it could consider the People's arguments during resentencing, if it recalled the sentence. Counsel agreed the court could consider those arguments during resentencing.

The trial court found the prosecution had not rebutted the presumption favoring recall, recalled defendant's sentence, and heard further argument on resentencing. The trial court stated in resentencing defendant, it would "strongly [consider] the information that [the prosecution had] given this court, especially the sheer number of convictions for violent felonies."

At resentencing, the People conceded that one prior conviction for second degree burglary would no longer qualify as a prior serious felony under section 667, subdivision (a) and stated, "the court should strike it," and resentence defendant to 25 years to life with an additional five-year prior serious felony enhancement. Based on the evidence and argument already presented, the People also argued that under section 1385 the court did not need to consider the mitigating factors, as dismissing the enhancement

6

represented a danger. Defense counsel indicated he had no argument beyond what was made in his briefing.

The trial court considered all the documentation provided and found, "the interest of justice . . . would not be served in striking the additional five-year prior." The trial court acknowledged that a person with a 35 year-to-life sentence may choose not take advantage of counseling or self-help programming because they will never "get out" of prison, but opined that irrespective of his surroundings, defendant should try to improve himself to ensure he would not continue to commit offenses while incarcerated.

The trial court further found "the only time [defendant] wasn't committing crimes [was] when he was in jail. Even when he was in prison[,] he was comitting [*sic*] crimes." Despite his record, the trial court was willing to strike one of the five-year enhancements, in a grant of leniency, but not both because "[i]t would not be in the interest of justice." The trial court also denied defendant's *Romero* motion as not being in the interest of justice, as "[i]n some respects . . .the three-strikes law was written for [defendant]. [He] continue[d] to commit violent felonies throughout his life." Accordingly, the court resentenced defendant to 25 years to life plus five years for the serious felony.

We granted defendant's request for the parties to file supplemental briefing to allow them to explain how *Walker* supports their respective positions on appeal.

## II. DISCUSSION

*A.      Dismissal of Enhancement Under Section 1385*

"In 2021, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) . . . , which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Subdivision (c)(1) of section 1385, as amended, provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."

Subdivision (c)(2) of section 1385 provides in relevant part: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." The pertinent factors here are: (1) the application of the enhancements could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)); (2) and the enhancements were more than five years old (§ 1385, subd. (c)(2)(H)).

1.    *Rebuttable Presumption*

Defendant originally contended the trial court erred in not dismissing both prior serious felony enhancements, as there is a presumption an enhancement must be dismissed if enumerated mitigating factors are present and the court does not find that dismissal of the enhancement would endanger public safety. While this appeal was pending, the California Supreme Court rejected this argument in *Walker, supra*, 16 Cal.5th 1024. *Walker* held the plain language of the section 1385 makes clear the presence of mitigating factors does not create a rebuttable presumption in favor of dismissal. (*Walker, supra,* at p. 1033.) Defendant acknowledges the holding in *Walker*. We are bound by this authority. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455-456.)

2.    *Abuse of Discretion*

Defendant contends that even without a presumption in favor of dismissal, the trial court abused its discretion in not dismissing the enhancement, as there were two applicable enumerated mitigating factors, and the trial court did not find dismissal would endanger public safety. Defendant argues the court did not afford those circumstances

8

great weight and there were no circumstances that would outweigh the presence of those mitigating factors. Defendant also argues the trial court was required to state it afforded great weight to the mitigating circumstance.

We review the trial court's refusal to dismiss an enhancement under section 1385 for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374.) An abuse of discretion may occur where the trial court is not aware of its discretion, considers impermissible factors, fails to consider relevant factors, or where the decision is so irrational or arbitrary, no reasonable person could agree with it. (*Id.* at pp. 377, 378.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

*Walker* clarified the meaning of great weight and the balancing required by the trial court. (*Walker, supra*, 16 Cal.5th at pp. 1034-1036.) *Walker* concluded the "mandate to give 'great weight' to enumerated mitigating circumstances requires a sentencing court to 'engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors.' " (*Id.* at p. 1034, citing *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1096 (*Ortiz*).)

*Walker* then turned to the "most pivotal phrase to a trial court's evaluation of the enumerated mitigating circumstances," the phrase "weighs greatly." (*Walker, supra*, 16 Cal.5th at p. 1035.) Relying on the plain meaning of the phrase, *Walker* concluded, "if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker, supra*, at p. 1036, quoting *Ortiz, supra,* at p. 1098.)

9

Here, both parties presented argument and legal authority on whether the trial court should strike the prior conviction enhancement. Their resentencing briefs explicitly argued the applicable mitigating factors and standards under section 1385. At the resentencing hearing, the prosecution provided additional argument under section 1385. The trial court understood it could dismiss the prior conviction enhancement and that ultimately it was called on to determine whether such a dismissal was in the interest of justice.

The trial court considered the documentary evidence, including the court files of prior convictions, certified records of conviction, the CDCR's cumulative case summary and evaluation report, the probation report from this offense and the prior strike convictions, defendant's section 969b packet, and his CDCR files from 1981 to the present.

The trial court acknowledged defendant's relative youth when his criminal record started in 1974. The trial court also considered defendant's participation in, and commendations for, volunteer work, completion of adult educational classes, and satisfactory work reports. The court also noted defendant had been discipline free since 2020, developed a parole plan, and obtained vocational training.

The trial court also considered defendant's lengthy record of multiple convictions and adjudications from 1974 to 2000, poor performance on parole, significant disciplinary record in prison, and lack of participation in self-help programs. Defendant's criminal record included assaulting victims, robberies armed with a shotgun, and threats to harm victims and witnesses. He repeatedly absconded from parole and committed offenses shortly after being released or discharged from parole. Within a year of being discharged from parole in November 1984, he began a crime spree in which he committed numerous robberies, assaulted and threatened victims, inflicted great bodily injury on one victim, and often used a gun. He committed the current offense only 10 days after he was discharged from parole. While in custody, he had numerous rule

10

violations and counseling chronos, including for drug and alcohol use or possession. He had four rule violations which involved fighting, the last two in 2018 and 2019.

Based on its review and consideration of the mitigating factors and all the submitted evidence, the trial court concluded it was not in the interest of justice to strike the remaining prior conviction enhancement. The documentation of defendant's violent criminal history, disciplinary record in prison, including continuing violent conduct, and poor performance on parole was "substantial, credible evidence of countervailing factors" that neutralized the great weight of the mitigating circumstances. (*Walker, supra*, 16 Cal.5th at p. 1036.) Accordingly, we find no abuse of discretion. Contrary to defendant's claim, nothing in section 1385 requires the trial court to state it assigned great weight to the enumerated mitigating circumstances. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].)

B.      Romero *Motion*

Defendant next contends the trial court abused its discretion in denying his *Romero* motion. He argues that when the motion is made as part of resentencing there are different considerations as to a defendant's background, character and prospects, and whether the purposes of the three strikes law have already been achieved. He also argues his age and the remoteness of his prior convictions place him outside the spirit of the three strikes law.

We review a trial court's refusal to dismiss a prior strike conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) A trial court abuses its discretion only when its decision is "so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) " '[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Id*. at p. 378.)

11

Under section 1385, subdivision (a) the trial court has discretion to strike a prior felony conviction allegation if the dismissal is in furtherance of justice. (*Romero, supra*, 13 Cal.4th at pp. 507-508.) The court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

As to defendant's argument that the relevant considerations in a *Romero* motion made in resentencing proceedings require different considerations as to defendant's background, character and prospect, and the statutory purposes, defendant did not raise this argument in the trial court, thus it is forfeited on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351-352.) Moreover, this argument disregards the fact that this resentencing was under section 1172.1, which explicitly requires the trial court to consider postconviction factors that include defendant's record of rehabilitation while incarcerated, evidence that the time served has reduced his risk for future violence, and any changed circumstances since the original sentencing that demonstrate continued incarceration is no longer in the interest of justice. (§ 1172.1, subd. (a)(5).) The record reflects the trial court complied with these requirements and this compliance incorporated the appropriate factors to consider in a *Romero* motion made in resentencing.

The record reflects the trial court was aware of its discretion under *Romero* and considered the relevant factors in making its decision. As detailed *ante,* the trial court considered that defendant had been discipline free since 2020, his rehabilitation efforts, volunteer work, employment history in prison, youth at the time of his first offense, and educational classes. The trial court considered defendant's poor performance on parole and history of serious crimes, noting he had been a "revolving door, going in and out of prison sometimes for only 15 to 20 days before he finds himself again inserting himself

into violent conduct hurting members of society," and that he "continue[d] to commit violent felonies throughout his life." While defendant's prior strike convictions were remote, he had not led a legally blameless life since. He committed the current offense only 10 days after discharge from parole and while incarcerated possessed and used drugs and alcohol and engaged in four fights. The court considered defendant's disciplinary record, which as the People noted, included two incidents of fighting after he turned 60 years old. The court also considered that defendant was eligible for elderly parole as early as November 2025. The trial court considered defendant's failure to participate in self-help programming to ensure he would not continue to commit offenses. And, the court considered the nature and circumstances of the current offense, prior convictions, and most recent disciplinary records. After evaluating and weighing all of these factors, the court found defendant was not outside the spirit of the three strikes sentencing scheme. On this record, we cannot say the court abused its discretion.

## III. DISPOSITION

The judgment is affirmed.

/S/

---

RENNER, Acting P. J.

We concur:

/S/

---

BOULWARE EURIE, J.

/S/

---

MESIWALA, J.

13